**CLOSED**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RODRIGUEZ,

      Plaintiff,

vs.

Case No. 04-CV-70021
HON. GEORGE CARAM STEEH

FEDEX FREIGHT DETROIT EAST, INC.,

      Defendant.

_____/

## ORDER REFERRING MATTER TO BANKRUPTCY COURT ON FAILURE TO SHOW CAUSE

On February 8, 2005, plaintiff Jose Rodriguez and/or defendant Fed Ex Freight were ordered to show cause on or before February 25, 2005 why this lawsuit should not be dismissed without prejudice based on plaintiff Jose Rodriguez's lack of standing here in district court to pursue his state employment discrimination claims in that the action is the property of Rodriguez's Bankruptcy Estate as a matter of law. Plaintiff filed for bankruptcy under Chapter 7 on March 16, 2004, after filing a First Amended Complaint in state court on December 2, 2003, and after the lawsuit was removed to federal court on January 5, 2004. Plaintiff timely responded to this court's show cause order on February 24, 2005, asserting that: (1) the Bankruptcy Trustee has hired plaintiff's Counsel here, Attorney D. Rick Martin, to prosecute plaintiff's employment claims on behalf of the Bankruptcy Estate, and; (2) the Trustee has withdrawn a motion previously filed in Bankruptcy Court seeking to compromise the employment discrimination claims. Attached to plaintiff's response is

FILED
MAR 0 3 2005
CLERK'S OFFICE
DETROIT

a February 22, 2005 Bankruptcy Court Order, approving the Trustee's application to employ Attorney Martin "to represent the [E]state with respect to litigation against Fed Ex currently pending in the United States District Court."

Plaintiff Rodriguez's state employment discrimination action clearly constitutes property of the Bankruptcy Estate, and may only be prosecuted by the Bankruptcy Trustee. In re Carson, 82 B.R. 847, 850-51 (Bankr.S.D. Ohio 1987). Indeed, such is recognized by the Bankruptcy Court in authorizing Attorney Martin to "represent the Estate." The Estate is not, however, a party to this lawsuit; plaintiff appears in this lawsuit in his own individual capacity, as he has since the action was removed to federal court on January 5, 2004.

The distinction in not merely one of form. Eastern District of Michigan Local Rule 83.50 provides in relevant part:

### (a) Matters Referred to the Bankruptcy Judges

(1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any and all proceedings under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

(2) Under 28 U.S.C. § 157(b)(1), bankruptcy judges will hear and determine all cases under Title 11 and all core proceedings (including those listed in 28 U.S.C. § 157(b)(2)) arising under Title 11, or arising in or related to a case under Title 11, and will enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

(3) Bankruptcy judges will hear all non-core proceedings related to a case under Title 11.

(A) By Consent. With the parties' express consent, bankruptcy judges may conduct hearings and enter appropriate orders or judgments in the proceeding, subject only to review under 28 U.S.C. § 158.

(B) Absent Consent. Absent consent of the parties, bankruptcy judges will conduct hearings and file proposed findings of fact and

conclusions of law and a proposed order or judgment with the bankruptcy clerk. Bankruptcy judges may also file recommendations for expedited review. The bankruptcy clerk will immediately serve copies on all parties by mail and enter the date of mailing on the docket. Objections to a bankruptcy judge's proposed findings of fact and conclusions of law must be filed as required by Fed. R. Bankr. P. 9033(b) and (c).

**(b) Motions to Withdraw.** District judges will hear motions to withdraw cases or proceedings. The district court will serve a copy of the order on the bankruptcy clerk and the bankruptcy judge.

**(c) Matters to be Heard and Determined or Tried by District Judges.** District judges will hear and determine cases or proceedings withdrawn under 28 U.S.C. § 157(d). District judges will also try personal injury tort and wrongful death claims under 28 U.S.C. § 157(b)(5). If necessary, parties may move under (b) to withdraw a personal injury tort or wrongful death claim from a bankruptcy judge.

E.D. Mich. LR 83.50(a-c). Pursuant to Local Rule 83.50(a)(1), this matter, including defendant's pending motion for summary judgment, will be referred to the Bankruptcy Court in lieu of dismissal consistent with Attorney Martin's authority to represent the Estate.

SO ORDERED.

_____
GEORGE CARAM STEEH
United States District Judge

Dated: **MAR 0 3 2005**
Detroit, Michigan.

PURSUANT TO RULE 77'd, FED. R. C...
COPIES MAILED TO ATTORNEYS FOR ...
PARTIES ... **MAR 0 3 2005**
_____
DEPUTY COURT CLERK

3